UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AKWASI BOAKYE OSEI, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 19-1644-RC |
| | : | |
| v. | : | Re Document Nos.: 23, 27, 29 |
| | : | |
| STANDARD CHARTERED BANK, et al. | : | |
| | : | |
| Defendants. | : | |

## <u>MEMORANDUM & ORDER GRANTING MOTION FOR REMAND AND DENYING MOTIONS FOR CONTEMPT</u>

### I. Factual and Procedural Background

Plaintiff Akwasi Boakye Osei, is a Ghana-born businessman who currently resides in the United States. Osei claims there is a "grand scheme" or conspiracy between Standard Chartered Bank, Ghana officials, and the state and federal Courts to deprive him of his business and persecute him and his family. Compl. ¶ 1, ECF No. 1. He first presented this claim in *Osei v. Standard Chartered Bank*, No. 18-cv-1530, 2019 WL 917998 (D.D.C. Feb. 25, 2019), *aff'd sub nom*. No. 19-7018, 2019 WL 2563460 (D.C. Cir. June 4, 2019). This Court dismissed his claims for lack of jurisdiction. *Id.* He refiled largely identical claims on June 5, 2019, initiating this lawsuit. *See* Compl.

On November 20, 2019, GFP Residential Holdings, LLC, Osei's landlord, filed a complaint against Osei for Repossession of Rented Property in the District Court of Maryland for Montgomery County. *See* Notice of Removal, Ex. 1, ECF No. 20-1. In the complaint, the landlord alleged that Osei lived at 12400 Park Potomac Avenue #S536, Potomac Maryland, 20854 and that as of November 20, 2019, Osei owed GFP Residential Holding, LLC $2533.00 in rent and a late charge of $126.65. *Id.* On December 5, 2019, Osei filed a Notice of Removal in this case, removing the landlord-tenant proceeding into this action. *See* Notice of Removal ¶ 1,

1

ECF No. 20. Osei asserts that this Court has subject matter jurisdiction over the landlord-tenant claims through a United Nations Resolution, United Nations Refugee Law, and what he refers to as "mandatory grounds of protection." *See id* ¶ 3–4.

## II. Legal Standard

Civil actions filed in state court may be removed to a United States district court by the defendant so long as the case could have been filed in the district court originally. 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A challenge to subject matter jurisdiction may be raised on a motion to remand. *See* 28 U.S.C. § 1447(c). A "party opposing a motion to remand bears the burden of establishing that subject matter jurisdiction exists in federal court." *Int'l Union of Bricklayers & Allied Craftworkers v. Ins. Co. of the W.*, 366 F. Supp. 2d 33, 36 (D.D.C. 2005) (citation omitted).

## III. Analysis

Because the Court finds that it does not have subject matter jurisdiction over the landlord-tenant claims, the motion to remand is granted.

### A. Original Jurisdiction

The Court lacks subject matter jurisdiction over the landlord-tenant claims because the Notice of Removal does not explain any proper basis for jurisdiction. In arguing that this Court has jurisdiction over the removed landlord-tenant claims, Osei first cites to 28 U.S.C. § 1331, which provides that federal courts may exercise federal question jurisdiction when a matter "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "To bring a case within th[is] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully*

*v. First Nat. Bank*, 299 U.S. 109, 112 (1936). The cause of action must be plainly stated on the face of the complaint. *Id*. at 113 (citations omitted). If a complaint does not present an action that arises under federal law, removal of that complaint's claims based on federal question is improper. *See* 28 U.S.C. § 1441(c)(A).

Osei first asserts that this court has subject matter jurisdiction over this matter pursuant to "a treaty of the United States, commonly referred to as the United Nations [("UN")] Resolution Adopted by the General Assembly on March 21, 2006, A/RES/60/147." Notice of Removal ¶ 3. Osei appears to be referring to *Basic Principles and Guidelines on the Right to a Remedy and Reparation for Victims of Gross Violations of International Human Rights Law and Serious Violations of International Humanitarian Law*, G.A. Res. 60/147, U.N. Doc. A/RES/60/147 (Dec. 16, 2005). Osei also argues that the 1951 United Nations Convention Relating to the Status of Refugees provides for jurisdiction over the landlord-tenant claims. *See* Notice of Removal ¶ 3–4; *see* 1951 United Nations Convention Relating to the Status of Refugees, *opened for signature* July 28, 1951, G.A. Res. 429[V], 189 U.N.T.S. 137. Even assuming, *arguendo*, that these are treaties of the United States that could provide a basis for federal question jurisdiction, they could not provide for jurisdiction over the landlord-tenant claims because the landlord's claims do not implicate the application or the interpretation of these resolutions. They simply have nothing to do with the state law landlord-tenant dispute.

Osei also asserts that this Court has subject matter jurisdiction over the landlord-tenant claims through "mandatory grounds of protection." Notice of Removal ¶ 3–4. The Court is unsure what Osei means to refer to, as there are no cases or statutes cited. If he intends to refer to the courts' "inherent power . . . to manage their own proceedings and to control the conduct of those who appear before them," this is no basis for jurisdiction. *Chambers v. NASCO, Inc.*, 501

U.S. 32, 33 (1991). A court's inherent power to manage its proceedings does not provide a basis for jurisdiction where it is otherwise improper.

## B. Supplemental Jurisdiction

Although Osei does not explicitly claim that this Court can exercise supplemental jurisdiction over the landlord-tenant claims under 28 U.S.C. § 1367, the Court will read his Notice of Removal liberally and will consider that possibility. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (noting that a document filed *pro se* is "to be liberally construed"). Osei does suggest that GFP Residential Holdings, LLC's suit against him is part of a wider conspiracy, as articulated in his complaint against Standard Chartered Bank. Notice of Removal ¶ 4. In removing the landlord-tenant claims into this action against Standard Chartered Bank, Osei might have argued that because the Court has jurisdiction over his claims against Standard Chartered Bank, it ought to take supplemental jurisdictional of the related landlord-tenant claims.[1]

For the Court to assert supplemental jurisdiction over state law claims, the claims must be "so related" to the claim with the Court's original jurisdiction that they "form part of the same case or controversy." 28 U.S.C. § 1367. Claims are from the same "case or controversy" when they "derive from a common nucleus of operative fact." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 580 (2005) (Ginsburg, J., dissenting) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)). If the supplemental claims arise from the same case or controversy, a federal court decides whether to exercise its discretion to assert jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367(b) by considering whether judicial economy,

---

[1] For the sake of this matter, this court assumes, but does not decide, that the Court has jurisdiction over Osei's claims against Standard Chartered Bank.

convenience, and fairness to litigants favor federal litigation. *Osborn v. Haley*, 549 U.S. 225, 245 (2007) (citing *Gibbs*, 383 U.S. at 726).

In applying the two-part test for supplemental jurisdiction, the Court first considers whether the plaintiff's landlord-tenant claims are part of a "common nucleus of operative facts" that forms the same "case or controversy" as his claim against Standard Chartered Bank. *Taylor v. District of Columbia*, 626 F. Supp. 2d 25, 28 (D.D.C. 2009) (quoting *Gibbs*, 383 U.S. at 725). "Claims derive from a 'common nucleus of operative fact' only if the plaintiff would ordinarily be expected to try them all in one judicial proceeding." *Id*. "[S]tate law claims do not derive from a common nucleus of operative facts if there is almost no factual or legal overlap between the state and federal claims." *Chelsea Condo. Unit Owners Ass'n v. 1815 A St., Condo. Grp., LLC*, 468 F. Supp. 2d 136, 141 (D.D.C. 2007) (citation omitted).

Here, there is no factual or legal overlap between the landlord-tenant claims and the conspiracy claim, because the statutes governing the two claims are different and the elements to prove each are different as well. The landlord-tenant claims and the conspiracy claims are not related such that the Court would "ordinarily be expected to try them all in one judicial proceeding," *Taylor,* 626 F. Supp. 2d at 28, and the adjudication of the conspiracy claim would be unaffected if the Court were to remand the landlord-tenant claims. Accordingly, the claims do not legally overlap. Further, the factual overlap between GFP Residential Holdings, LLC and the broader conspiracy with Standard Chartered Bank is minimal. The operative facts concerning the Standard Chartered Bank claim are those relating to events in Ghana and New York, while the operative facts for the landlord-tenant claims are those taking place in Maryland. *See Fact*, Black's Law Dictionary 670 (9th ed. 2009) (operative facts are those "that constitutes the transaction or event on which a claim or defense is based"). State law claims that only "relate

generally" to federal claims through a broader dispute and do not share any operative facts are not properly taken up via supplemental jurisdiction. *Chelsea Condo.*, 468 F. Supp. 2d at 142. Here, the only relation at all comes from Osei's bare assertion of coordination. Such speculative assertions, without any grounding in factual allegations, cannot provide a basis for jurisdiction. *See Atlas Brew Works, LLC v. Barr*, 391 F. Supp. 3d 6, 11 (D.D.C. 2019) (quoting *Indian River Cty. v. Rogoff*, 254 F. Supp. 3d 15, 18 (D.D.C. 2017)) (noting that the "factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion [for failure to state a claim]"). Thus, since there is no factual or legal overlap, the claims do not share a common nucleus of operative fact to support supplemental jurisdiction.

Even if these claims did arise out of the same "case and controversy" under 28 U.S.C. 1367(a), the Court might still decline to exercise supplemental jurisdiction under 28 U.S.C. 1367(b). When weighing whether to exercise supplemental jurisdiction, the Court would consider judicial economy, convenience, and fairness to litigants. *Osborn*, 549 U.S. at 245 (quoting *Gibbs*, 383 U.S. at 726). As Maryland law governs these claims and the dispute is over a Maryland-based property, judicial economy and convenience would weigh in favor of remand. For these reasons, the landlord-tenant claims are remanded back to the District Court of Maryland for Montgomery County.

### C. Attorney's Fees

When a Plaintiff prevails on a motion to remand, a court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Generally, an award of costs and expenses, including attorneys' fees, is appropriate "only if the removing party lacked an objectively reasonable basis for seeking removal." *Ballard v. District of Columbia*, 813 F. Supp. 2d 34, 39 (D.D.C. 2011) (quoting *Knop*

*v. Mackall*, 645 F.3d 381, 382 (D.C. Cir. 2011). "Reasonableness is evaluated 'at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper.'" *Jones v. District of Columbia*, 105 F. Supp. 3d 12, 13–14 (D.D.C. 2015) (quoting *Valdes v. Wal–Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)). Ultimately, however, the imposition of costs and expenses is at the Court's discretion. *Johnson–Brown v. 2200 M St. LLC*, 257 F. Supp. 2d 175, 181 (D.D.C. 2003).

Although the Court doubts that removal of the landlord-tenant claims was reasonable at any time, the Court will decline to award attorney's fees because Osei is a *pro se* litigant. Courts often decline to impose attorney's fees under § 1447(c) in light of a removal petitioner's *pro se* status in the past and will do likewise here. *See, e..g.*, *Hardy v. Joseph I. Sussman, P.C.*, 953 F. Supp. 2d 102, 111 (D.D.C. 2013); *Scott–Blanton v. Universal City Studios Prods. LLLP*, 593 F. Supp. 2d 171, 175 (D.D.C. 2009) (citing *Hughes v. Rowe*, 449 U.S. 5, 15 (1980) to emphasize "[i]f the plaintiff is a *pro se* litigant . . . , courts should afford greater leniency and rarely award attorney's fees."). Accordingly, GFP Residential Holdings, LLC's request for attorney's fees is denied.

## IV. CONCLUSION

The motion to remand the landlord-tenant claims will be granted and the request for attorneys' fees denied. Before concluding, though, the Court must address two additional recent filings by Osei. Osei recently filed a Supplemental Memorandum that claims certain pages of filings in his prior Standard Chartered Bank case were "deliberately and wrongfully removed" and asking this Court to order the FBI to investigate Standard Chartered Bank. Supp. Mem. ¶ 6, ECF No. 26; *see id.* Although Osei styled this filing as a supplement responding to the motion to

remand, it does not raise any new arguments that bear on whether federal jurisdiction is proper for this landlord-tenant proceeding.

Osei has also recently filed two motions for contempt. The first, filed March 2, 2020, asked this Court to hold GFP Residential Holdings, LLC and their lawyers in contempt because the company began a new proceeding against him on February 25, 2020. Pl.'s Mot. for Contempt, ECF No. 27. He claims this violated the Maryland District Court's stay order. *Id*. ¶ 6B. The Court will not hold the company or its lawyers in contempt because "[c]ivil contempt is a remedial sanction used to obtain compliance with a court order." *United States v. Philip Morris USA Inc.*, 287 F. Supp. 2d 5, 10 (D.D.C. 2003). Based on Osei's claims, it was the Maryland District Court that issued the relevant order, not this Court, so this is not the proper forum to file a motion seeking to obtain compliance with it in the first instance. The second motion, filed on March 12, 2020, again requests that GFP's counsel be held in contempt, and also asks the Court to hold a Maryland district Court judge in contempt. Pl.'s Mot. for Contempt, ECF No. 29. Again in this motion, Osei fails to identify an order of this Court that has been violated and which must be enforced through the remedy of contempt. Both of these motions are therefore **DENIED**.

Therefore, it is hereby **ORDERED** that GFP Residential Holdings, LLC's Motion for Remand (ECF No. 23) is **GRANTED IN PART AND DENIED IN PART** and the Plaintiff's Motion for Contempt (ECF No. 27) is **DENIED.**

**SO ORDERED.**

Dated: March 17, 2020                                          RUDOLPH CONTRERAS
                                                              United States District Judge