UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AKWASI BOAKYE OSEI, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 19-1644-RC |
| | : | |
| v. | : | Re Document No.: 9 |
| | : | |
| STANDARD CHARTERED BANK, et al. | : | |
| | : | |
| Defendants. | : | |

**<u>MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR DISMISSAL</u>**

Plaintiff alleges a vast conspiracy involving defendant, Standard Chartered Bank, and officials within Ghana's and the United States' court systems. *See* Compl. ¶ 10–46, ECF No. 1. The defendant moved to dismiss for lack of subject matter jurisdiction and lack of personal jurisdiction. Def. Mot. Dismiss at 2, ECF No. 9. The Court will grant the motion because the Plaintiff fails to identify a proper basis for jurisdiction.

**I. Factual and Procedural Background**

Plaintiff, Akwasi Boakye Osei, is a Ghana-born businessman who currently resides in the United States. On December 11, 2014, Osei claims to have obtained a judgment against Standard Chartered Bank Ghana Ltd. in the Ghana High Court of Justice "award[ing] [him] damages of fourteen million US dollars." *Osei v. Std. Chtd. Bank*, No. 18-cv-1530, 2019 WL 917998, at *1 (D.D.C. Feb. 25, 2019), *aff'd sub nom*. No. 19-7018, 2019 WL 2563460 (D.C. Cir. June 4, 2019). The award included compensation for "wrongfully dishonor[red] che[ck]s" and for "special and general damages for . . . wrongful acts." *Id*. (quoting December 11, 2014 Ghana High Court Judgment). On December 18, 2014, Standard Chartered "applied to [the Ghana High Court of Justice] for an order staying the execution of the judgment pending . . . [an] appeal." *Id*.

1

On March 23, 2015, the Ghana High Court of Justice partially granted the order, requiring Standard Chartered to "pay [roughly $1.3 million USD] of the judgment debt." *Id*.

After Standard Chartered failed to pay, Osei filed suit in the New York Supreme Court on May 26, 2015, seeking recognition and enforcement of the claimed $14 million judgment. *Id*. at *2. While the suit was pending, the Ghana Court of Appeal granted a "complete stay of execution of the judgment" of the Ghana High Court. *Id.* Plaintiff brings the instant action, requesting enforcement of the $14 million judgment by the Ghana court and vacatur of all orders and decisions obtained by Standard Chartered in prior cases in New York Supreme Court. *See* Compl. ¶ 48–56, ECF No. 1. Osei claims there is a "grand scheme" or conspiracy between the Defendants, Ghana officials, and the state and federal Courts to deprive him of his business and persecute him and his family. *Id*. ¶ 1.

This is the fifth lawsuit in the United States that the Plaintiff has filed about this supposed conspiracy. The first lawsuit, filed in the United States District Court for the Southern District of New York, was dismissed for lack of subject matter jurisdiction. *Osei v. Std. Chtd. Bank*, No. 15-cv-03992, 2015 WL 4006211 at *1 (S.D.N.Y. June 30, 2015). Plaintiff continued to write letters to the court to protest the dismissal and Judge Schofield, construing his protests as requests for reconsideration, issued a second opinion affirming the earlier dismissal. *Osei v. Std. Chtd. Bank*, No. 15-cv-3992, 2015 WL 4557345, at *1 (S.D.N.Y. July 27, 2015).

Plaintiff then brought two lawsuits in state court in New York, asserting the same claims. *Osei*, No. 18-cv-1530, 2019 WL 917998, at *1. Justice Braun of the Supreme Court, New York County, held, among other things, that there was no personal jurisdiction over the Defendants. *Id*. Plaintiff appealed and filed "motions" to vacate Justice Braun's decisions, to recuse Justice Braun, to void Defendants' filings, and to investigate court officers for allegedly perpetuating a

2

fraud upon the court. Def. Mot. Dismiss, Ex. E at 2, ECF No. 9-7. The Appellate Division dismissed his appeals, denied his motions, and directed him "not to file any further motions without prior written permission of the Clerk of this Court." *Id*.

In June 2018, Plaintiff then brought his first action in this Court, his fourth U.S. lawsuit arising from the same general facts and seeking the same general relief. *See Osei*, No. 18-cv-1530, 2019 WL 917998, at *6.[1] While this first action was pending, the Court of Appeals in Ghana also overturned the original damages award. *Id*. at *1. This Court eventually dismissed the June 2018 complaint for lack of subject matter and personal jurisdiction. *Id*. at *6. Plaintiff appealed, and on June 4, 2019, the D.C. Circuit summarily affirmed this Court's Dismissal Order, finding that "the merits of the parties' positions [we]re so clear as to warrant summary action." *Osei v. Std. Chtd. Bank*, No. 19-7018, 2019 WL 2563460, at *1 (D.C. Cir. June 4, 2019).

The very next day, June 5, 2019, Plaintiff filled a fifth action against Defendants—this action—and again asserted the same general facts and sought the same general relief. *See* Compl. ¶¶ 10–56, ECF No. 1. The complaint in this case is substantially similar to Osei's June 2018 complaint. *Compare* Compl. ¶¶ 10–56, *with Osei v. Std. Chtd. Bank*, No. CV 18-1530 (RC),

---

[1] Osei recently filed a Supplemental Memorandum on February 26, 2020 in which he claims that certain pages of filing in this prior case were "deliberately and wrongfully removed." Supp. Mem., ECF No. 26 at 2–3. That case is closed, and a filing in this case is not the appropriate method to reopen the proceeding. In the same filing, Osei also asked this Court to order the FBI to investigate Standard Chartered Bank. *Id.* at 4. The FBI is not a party to this litigation, and it would be improper for this Court to issue an order against them here. *Cf. Washington Metro. Area Transit Comm'n v. Reliable Limousine Serv., LLC*, 985 F. Supp. 2d 23, 31–32 (D.D.C. 2013) (noting in a contempt proceeding that imposing an order on a nonparty without their "day in court" would deprive them of their due process rights). Moreover, whether or not the FBI should investigate plaintiff's claims is subject to the FBI's prosecutorial discretion and cannot be ordered by this Court. *See Ballance v. Peeples*, No. CIV.A. 10-0864, 2010 WL 3069201, at *1 (D.D.C. Aug. 5, 2010) (citing *Jafree v. Barber* 689 F.2d 640, 643 (7th Cir.1982) to recognize that a court cannot compel "[i]nitiation of a criminal investigation by the F.B.I.," which "is clearly a discretionary act").

2019 WL 917998, at *1 (D.D.C. Feb. 25, 2019), *aff'd sub nom*. No. 19-7018, 2019 WL 2563460 (D.C. Cir. June 4, 2019). The current action asserts claims of tortious conduct under the Alien Tort Statute ("ATS"), under United States immigration laws, and under United Nations ("UN") Resolutions. Standard Chartered Bank again moves to dismiss for lack of subject matter and personal jurisdiction.[2] Def. Mot. Dismiss at 2, ECF No. 9.

## II. Legal Standard

Federal courts are courts of limited jurisdiction, and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). It is the plaintiff's burden to establish that the court has subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Because subject matter jurisdiction focuses on the court's power to hear the plaintiff's claim, a Rule 12(b)(1) motion imposes on the court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority. *See* 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1987).

A document filed *pro se* is "to be liberally construed," *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent

---

[2] Normally, a repeat argument would be examined under the standards for *res judicata*. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980) (noting that when "a final judgment on the merits of an action" has taken place, *res judicata* "precludes the parties or their privies from relitigating issues that were or could have been raised in that action."). However, *res judicata* does not apply, because there was no final judgment on the merits of the previous action, only a dismissal for lack of subject matter jurisdiction. A prior dismissal for lack of subject matter jurisdiction is not a "judgment on the merits." *See Allen v. Brown*, 320 F. Supp. 3d 16, 36 (D.D.C. 2018); *see also* 10A C. Wright, A. Miller, & M. Kane, Federal Practice & Procedure § 2713, p. 239 (3d ed. 1998) ("If the court has no jurisdiction, it has no power to enter a judgment on the merits."). Therefore, earlier dismissal has no impact on the evaluation of this case.

standards than formal pleadings drafted by lawyers," *id.* (internal quotation marks omitted); *cf.* Fed. R. Civ. Pro. 8(f) ("All pleadings shall be so construed as to do substantial justice").

### III. Analysis

When Osei filed this action, Standard Chartered Bank moved to dismiss for lack of subject matter jurisdiction and lack of personal jurisdiction. Because the Court finds that it lacks subject matter jurisdiction to consider Osei's claims, the Court grants the motion to dismiss. As the Court is able to resolve the case based on lack of subject matter jurisdiction, there is no need to consider personal jurisdiction.

#### A. Subject Matter Jurisdiction

The Court lacks subject matter jurisdiction over this case because the complaint does not explain a basis for federal jurisdiction. Congress mandates that "district courts shall have original jurisdiction of all civil actions arising under the Constitution [and] laws . . . of the United States." 28 U.S.C. § 1331. "The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction only exists when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal quotations omitted).

Osei asserts that this court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1350, the ATS, and 28 U.S.C. 1367, the supplemental jurisdiction statute. *See* Compl. ¶ 6. He also asserts that because the Defendant committed "heinous crimes" against the Plaintiff subject matter jurisdiction is proper under the "U.S. Refugee Act of 1980; Immigration and Nationality Act; UN Resolution of March 21, 2006 (A/RS/60/147); UN Convention Against Transnational Organized Crime; UN Convention Against Torture; and 1951 UN Convention and 1967 Protocol Relating to the Status of Refugee (Asylee) under Articles 1(2). 12(1), 16(2), 18,

5

25, 30(2), 33(1), 34, 41, etc." *Id*. Finally, Osei states that this Court also has "Universal Jurisdiction" under international law. Compl. ¶ 8. None of these various laws or resolutions provide a valid basis for subject matter jurisdiction over his claims. The Court will address each law or resolution in turn.

*1. 28 U.S.C. 1350*

Plaintiff first claims subject matter jurisdiction exists under the ATS. That statute states: "The district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." Plaintiff claims that the ATS provides a basis for jurisdiction because Defendants "collectively have committed heinous crimes in the form of intimidation, threats, persecution, deception, violence, mental/psychological torture, degrading treatment, social pressure, etc." Compl. ¶ 6.

Standard Chartered Bank is a foreign corporation. The Supreme Court recently held that "foreign corporations may not be defendants in suits brought under the ATS." *Jesner v. Arab Bank, PLC*, 138 S. Ct. 1386, 1407 (2018).[3] The D.C. Circuit has further clarified that "*Jesner*'s bar on foreign corporate liability under the ATS involves a nonmerits disposition, such that [the Court] can rely on it without first assuring the existence of personal jurisdiction. . . . In other words, the ATS bar against foreign corporate liability . . . is a threshold basis for dismissal . . . ."

---

[3] Although there is a branch of Standard Chartered Bank in New York, that fact does not change the outcome on this point. *Jesner* confronted a similar situation and still prohibited suit under the ATS. *Jesner*, 138 S. Ct. at 1393. Recognizing that "ATS litigation implicates serious separation-of-powers and foreign-relations concerns" the Court reasoned that "the presumption against extraterritoriality applies to [ATS] claims and that even claims that touch and concern the territory of the United States must do so with sufficient force to displace that presumption." *Jesner*, 138 S. Ct. at 1389 (quoting *Kiobel v. Royal Dutch Petroleum Co.*, 569 U.S. 108, 124 (2013) (citation, internal quotation, and ellipses omitted)). The Court declines to find that Standard Chartered Bank can be sued under the ATS here, because Osei's claims do not "touch and concern" the territory of the United States with sufficient force to displace the presumption against extraterritoriality.

*Kaplan v. Cent. Bank of the Islamic Republic of Iran*, 896 F.3d 501, 515 (D.C. Cir. 2018) (citing *Jesner*, 138 S. Ct. at 1407); s*ee also Osei v. Standard Chartered Bank*, No. 15-cv-3992, 2015 WL 4006211, at *3 (S.D.N.Y. June 30, 2015) ("The Complaint alleges that both Defendants are incorporated and have principal places of business in foreign countries. Defendants agree with these factual assertions. Accordingly, Defendants are alien parties under [28 U.S.C.] § 1332."). Therefore, because Standard Chartered Bank is an alien party, the ATS does not provide a basis for subject matter jurisdiction in this case.

   2. *Immigration and Nationality Act and the United States Refugee Act of 1980*

"The Immigration and Nationality Act [("INA")] sets forth the conditions under which a foreign national may be admitted to and remain in the United States and grants the Department of Homeland Security the discretion to initiate removal proceedings." *R.I.L.-R v. Johnson*, 80 F. Supp. 3d 164, 171 (D.D.C. 2015) (citing 8 U.S.C. §§ 1181–82, 1184, 1225, 1227–29, 1306, 1324–25). The United States Refugee Act of 1980 is an amendment to the INA and was created to "provide comprehensive and uniform provisions for the effective resettlement and absorption of those refugees who are admitted." Refugee Act of 1980, § 101(a), Pub. L. No. 96–212, 94 Stat. 102 (1980). Osei's claims concern a vast conspiracy both in Ghana and within the United States and he requests monetary relief due to the hardships of this conspiracy. Compl. ¶ 6. Such claims do not implicate either the INA or the Refugee Act of 1980, because neither law provides a cause of action for torts. Thus, despite Osei's claims that he has been granted asylum pursuant to these laws, Osei's contentions against Standard Chartered Bank do not "arise under" these federal laws and this Court does not have subject matter jurisdiction under them.

*3. UN Resolutions*

It is unclear on what basis the Plaintiff thinks the above cited UN resolutions would provide subject matter jurisdiction. Most of the resolutions concern foreign torture or organized crime and UN Resolutions are not statutes that can confer federal jurisdiction. Liberally construing the Plaintiff's complaint, it appears Plaintiff thinks these resolutions—specifically the ones concerning torture—relate to his subsequent claim that this court has universal jurisdiction. *See* Compl. ¶ 8. Universal jurisdiction "recognize[s] that international law permits any state to apply its laws to punish certain offenses although the state has no links of territory with the offense, or of nationality with the offender (or even the victim)." Restatement (Third) of Foreign Relations Law § 404 (1987). However, universal jurisdiction has been recognized only in limited situations to "prescribe and prosecute 'certain offenses recognized by the community of nations as of universal concern.'" *United States v. Yunis*, 924 F.2d 1086, 1091 (D.C. Cir. 1991) (quoting Restatement (Third) of Foreign Relations Law §§ 404, 423 (1987)). These offenses include "piracy, slave trade, attacks on or hijacking of aircraft, genocide, war crimes, and perhaps certain acts of terrorism." *Id*. The offenses that could give rise to universal jurisdiction do not include Osei's alleged conspiracy by a foreign corporation for tortious conduct, because universal jurisdiction is only extended to "crimes against humanity," *Sosa v. Alvarez-Machain*, 542 U.S. 692, 762 (2004) (Breyer, J., concurring), and this claim does not rise to that high bar. Therefore, the UN resolutions which supposedly support Osei's claim for universal jurisdiction do not provide a basis for jurisdiction in this matter.

*4. Supplemental Jurisdiction*

Finally, although Osei does not clearly articulate any state claims, he does reference 28 U.S.C. § 1367, which provides that federal courts may exercise supplemental jurisdiction over

state claims that form part of the same "case or controversy" as federal claims over which they have original jurisdiction. 28 U.S.C. § 1367 (2018). However, the Court has found no jurisdictional basis to hear any of Osei's purported federal claims. Therefore, the Court could not exercise supplemental jurisdiction over any state claims that might remain.

### III. Conclusion

Because there is no subject matter jurisdiction under the ATS, under immigration laws, UN Resolutions, or through supplemental jurisdiction, Osei has failed to carry his burden in establishing subject matter jurisdiction.

Therefore, it is hereby **ORDERED** that Defendant's Motion for Dismissal (ECF No. 9) is **GRANTED** and that this action is dismissed without prejudice.

**SO ORDERED.**

Dated: March 17, 2020                                                                                   RUDOLPH CONTRERAS
                                                                                                        United States District Judge